**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KATHRYN TYLER,**

**Plaintiff,**

**-against-** **06-CV-0082**

**GREAT NORTHERN INSURANCE COMPANY,**

**Defendant.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

## I. INTRODUCTION

Plaintiff commenced this action under the Court's diversity jurisdiction seeking a declaration that a homeowners' insurance policy was in effect and provided coverage for an automobile accident in which she was injured. See generally Compl., dkt. # 1. Defendant has moved for summary judgment contending that (a) the subject policy was not in effect at the time of the accident, and (b) even if the policy was in effect, an applicable motor vehicle exclusion in the policy excluded coverage for Plaintiff's injuries. Plaintiff has cross-moved for summary judgment contending (a) that the subject policy was in effect, (b) Defendant failed to follow the written notification provisions in the policy and therefore did not properly cancel the policy, (c) the cited motor vehicle exclusion does not exclude coverage or is, at the least, ambiguous, and (d) Defendant has waived and should

be estopped from asserting any defense under the automobile exclusion because Defendant failed to divulge the existence of the homeowners' policy in prior litigation.

## II. STANDARD OF REVIEW

The Court may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the Court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in its favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party must show, by affidavits or other evidence, admissible in form, that there are specific factual issues that can only be resolved at trial. Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). In determining whether to grant summary judgment, the Court must resolve all ambiguities and draw all reasonable inferences from the submitted materials in a light most favorable to the non-moving party. Patterson v. County of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004). However, a party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or

denials" asserted in the pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). In this regard, a nonmoving party may not create a question of fact by simply making vague, conclusory allegations or broad denials. Govan v. Campbell, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003). Further, the nonmoving party cannot defeat summary judgment by "simply show[ing] that there is some metaphysical doubt as to the material facts," Matsushita*.,* 475 U.S. at 586, or by a factual argument based on "conjecture or surmise." Bryant v. Maffucci*,* 923 F.2d 979, 982 (2d Cir. 1991). Summary judgment will be granted when it is apparent on the facts presented that no rational trier of fact could find in favor of the nonmoving party because evidence supporting the essential elements of the non-movant's claim is lacking. FED. R. CIV. P. 56(c); Celotex Corp., 477 U.S. at 322.

When considering cross-motions for summary judgment, a court "'must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" Hotel Employees & Rest. Employees Union, Local 100 of N.Y. v. City of N.Y. Dep't of Parks & Recreation*,* 311 F.3d 534, 543 (2d Cir. 2002)(quoting Heublein, Inc. v. United States*,* 996 F.2d 1455, 1461 (2d Cir. 1993)). "[N]either side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it . . . [and] a district court is not required to grant judgment as a matter of law for one side or the other." Heublein, Inc.*,* 996 F.2d at 1461.

**III. FACTUAL BACKGROUND**

Plaintiff sustained personal injuries in an automobile accident on August 11, 2002 while a passenger in an automobile being driven by Sarah Miller on Route 5 in Amsterdam, New York. Def. Local Rule 7.1(a)(3) Stat. ¶ 1. Plaintiff commenced a personal injury accident in this Court against Sarah Miller and Brian Chrisey, the owner and driver of the other automobile involved in the August 11, 2002 accident ("the underlying action"). Id. ¶ 2; see Tyler v. Miller, 03-CV-1369 (N.D.N.Y.). The underlying action was settled in January of 2005. Def. Local Rule 7.1(a)(3) Stat. ¶ 3. As part of that settlement, Great Northern paid the full policy limits of Policy No. 12382794-01, an automobile policy. Id. ¶ 4. Plaintiff alleges that Great Northern Policy No. 12358056-1, the subject homeowners' policy, also provides coverage for the automobile accident, id. ¶ 5; see also Compl. ¶ 14, but that Great Northern failed to divulge the existence of the policy prior to the settlement in the underlying action.

The subject policy is a homeowners' insurance policy written for Thomas Miller, Sarah Miller's father, in anticipation of Thomas Miller's purchase of a house located at 6194 Bay Ridge Drive, Petoskey, Michigan. Def. Local Rule 7.1(a)(3) Stat. ¶ 6, ¶ 12; see also T. Miller 6/13/06 Aff. ¶¶ 1, 3. Thomas Miller never purchased or took title to the property. T. Miller 6/13/06 Aff. ¶ 4. Thus, the subject policy was "canceled flat" as of the date it was supposed to become effective - May 30, 2002 - and never delivered to Miller. Sussingham 6/14/06 Aff. ¶ 4 & Ex. B; Sussingham 8/9/04 Aff. ¶ 5(d)(attached as Ex. F to Pl.'s Counsel's Aff. in Opp.). In addition, the subject policy contains an exclusion for "any damages arising out of the ownership, maintenance, use, loading, unloading or towing of any motorized land vehicle." Def. Local Rule 7.1(a)(3) Stat. ¶ 10.

## IV. DISCUSSION

"The term 'cancel flat' as used in the insurance industry means to cancel the policy from its inception date without liability on the part of the insured for premiums or liability on the part of the insurer for losses." Continental Ins. Co. v. Shapiro Sales Co., 2005 WL 2346952, at * 11 (E.D. Mo. Sept. 26, 2005)(citations omitted); see Metropolitan Cas. Ins. Co. v. Miller, 188 F.2d 702, 703 (7th Cir. 1951)("Cancelled flat" means the policy is "repudiated from the beginning."); see also Highland Ins. Co. v. Hobbs Group LLC, 373 F.3d 347, 350, n. 4 (3rd Cir. 2004)(The locution "cancelled flat" "denotes a cancellation *ab initio*, as though the bond had never been in force."). An insurer has no liability under a policy that is cancelled flat. Continental Ins. Co. v. Shapiro Sales Co., 2005 WL 2346952, at * 11.

Here, the subject policy was "cancelled flat" because the insured never purchased or took title to the subject property. Such a cancellation was in accordance with Michigan law that requires the insured to have an "insurable interest" in the subject of the policy to support the existence of a valid insurance policy. Ivy Mortgage Corp. v. Michigan Basic Property Ins. Assoc., 1999 WL 33430130, at * 1 (Mich. App. Nov. 12, 1999)("To recover under an insurance policy, a beneficiary must have an insurable interest in the subject of the policy. ")(citation omitted); see also Stover v. Secura Ins. Co., 2005 WL 1367103, at *2 (Mich. App. June 9, 2005)("Under Michigan law, the named insured must have an insurable interest to support the existence of a valid automobile liability insurance policy.").

> An insurable interest in property is broadly defined as being present when the person has an interest in property, as to the existence of which the person will gain benefits, or as to the destruction of which the person will suffer loss. Insurance policies founded upon mere hope and expectation

> and without some interest in the property, contravene public policy and are void.

Ivy Mortgage Corp., 1999 WL 33430130, at * 1 (quotations marks and citations omitted). An anticipated purchase of property that is not consummated does not give rise to an insurable interest in property. Farm Bureau Ins. Co. v. Auto Owners Ins. Co., 2005 WL 1224701, at *2 (Mich App. May 24, 2005).

The undisputed facts reveal that Thomas Miller never closed on his contract to purchase the property located at 6194 Bay Ridge Drive, Petoskey, Michigan and, therefore, he never took title to the property. Great Northern Policy No. 12358056-1 necessarily was cancelled flat as of its anticipated inception date - May 30, 2002. Since the policy was cancelled flat as of May 30, 2002, there was no coverage under that policy as of August 11, 2002 - the date of Plaintiff's accident.

Further, because Great Northern Policy No. 12358056-1 was cancelled flat as of its inception, there was no obligation on the part of the insurer to follow the cancellation notification provision in the contract. For the same reason, Defendant had no obligation to disclaim coverage or reserve its rights under this policy when it defended the underlying litigation pursuant to Miller's automobile policy, or to notify Plaintiff of the existence of the policy. See Kirschner v. Process Design Associates, 459 Mich. 587, 589-590 (1999)("Under Michigan law, there is no additional duty that requires an insurer that is not a party to the lawsuit to notify a plaintiff about a potential lack of coverage." ). No claim of waiver or estoppel arises from these omissions. Id.[1]

---

[1] In Kirschner, the Michigan Supreme Court held:

(continued...)

Assuming, *arguendo*, that Great Northern Policy No. 12358056-1 was in effect at the time of Plaintiff's accident, coverage under the policy is plainly excluded by the clear and unambiguous language of the motorized land vehicle exclusion in the policy. See Allstate Ins. Co. v. Keillor, 450 Mich. 412, 418-420 (1995)(Finding an exclusion in a homeowners policy that provided that the policy did "not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of *any* motorized land vehicle or trailer," to be unambiguous and enforceable.); see also Ivy Mortgage Corp., 1999 WL 33430130, at * 1 - * 2.[2] Plaintiff cannot use a waiver and estoppel argument to void a policy exclusion and create coverage where none otherwise

---

[1](...continued)

We granted leave to determine whether defendant General Accident Insurance Company of America (GAI), which insured defendant Process Design Associates, should be estopped from enforcing policy exclusions against plaintiffs during a garnishment action initiated by plaintiffs to satisfy a judgment rendered against Process Design. We hold that GAI is not estopped from enforcing the policy exclusions against plaintiffs. GAI satisfied its duty to notify its insured, Process Design, that it was defending the case under a reservation of rights. Under Michigan law, there is no additional duty that requires an insurer that is not a party to the lawsuit to notify a plaintiff about a potential lack of coverage. Moreover, GAI cannot be estopped from enforcing the policy exclusions against plaintiffs because of an answer given by Process Design to an interrogatory regarding insurance coverage.

459 Mich. at 589-590.

[2] The Michigan Court of Appeals wrote in Ivy Mortgage Corp.:

We review interpretations of insurance contracts de novo. Nabozny v Pioneer State Mutual Ins Co, 233 Mich. App 206, 210; 591 NW2d 685 (1998).

We interpret an insurance contract in accordance with Michigan's well-established principles of contract construction. Id. An insurance contract must be enforced according to its terms, and an insurance company cannot be held liable for a risk it did not assume. Id. Further, a court cannot create ambiguity in an insurance policy where there is none; therefore, an unambiguous contract must be enforced as written. Id.

1999 WL 33430130, at * 1 - * 2.

exists. Kirschner, 459 Mich. at 593-595.[3]

## V. CONCLUSION

Having considered the parties' arguments in support of their respective motions for summary judgment and in opposition to the opposing party's motion, and in light of the uncontested facts, Defendant's motion for summary judgment is GRANTED and Plaintiff's cross-motion for summary judgment is DENIED. The action is dismissed in its entirety.

**IT IS SO ORDERED.**

DATED: March 13, 2007

Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] The Michigan Supreme Court explained in Kirschner:

> Generally, once an insurance company has denied coverage to an insured and stated its defenses, the insurance company has waived or is estopped from raising new defenses. Further, when an insurance company undertakes the defense of its insured, it has a duty to give reasonable notice to the *insured* that it is proceeding under a reservation of rights, or the insurance company will be estopped from denying its liability. The application of waiver and estoppel is limited, and, usually, the doctrines will not be applied to broaden the coverage of a policy to protect the insured against risks that were not included in the policy or that were expressly excluded from the policy. This is because an insurance company should not be required to pay for a loss for which it has charged no premium. As this Court has explained, applying the doctrine of waiver and estoppel to broaden the coverage of a policy would make a contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did make.
>
> * * *
>
> [W]e have never held that waiver or estoppel can be applied to extend coverage beyond the terms of the policy when an insurer, who is not a party to the underlying litigation, fails to notify a plaintiff, who is not the insured, of a reservation of rights.

459 Mich. at 593-595 (emphasis in original, citations omitted).